## Hustleton *v.* Park, Appellant.

*Equity—Nuisance—Machinery—Injury to dwelling house—Injunction.*

Where in a suit in equity to enjoin defendant from maintaining a printing establishment it appeared that plaintiff was an adjoining owner, that defendant acquired title subsequent to plaintiff, and

had installed machinery on his property, the operation of which resulted in serious damage to plaintiff's dwelling, cracking the walls of the house and annoying plaintiff and her husband by the jarring, shaking, vibration and noise, and that defendant had, on numerous occasions, operated his plant at night interfering with plaintiff's rest, the court properly awarded the relief prayed for.

Argued Oct. 18, 1916. Appeal, No. 118, Oct. T., 1916, by defendant, from decree of C. P. Allegheny Co., April T., 1915, No. 1204, in bill in equity in case of Anna E. Hustleton v. J. Crawford Park. Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for an injunction. Before CARPENTER, J. The court below found the following facts:

First. Plaintiff owns, and with her husband, who is a practicing physician, occupies the premises described in her bill, situate at the corner of Stockton avenue and Burd (formerly West Diamond) street, North Side, Pittsburgh.

Second. Part of said premises is used by plaintiff's husband for office purposes.

Third. Defendant owns the adjoining lot and premises on the east.

Fourth. Plaintiff has owned, and with her husband has continuously occupied her home, as a residence and doctor's office since July, 1908.

Fifth. Defendant has owned and occupied his premises as a printing establishment since 1913, having acquired title in February of that year and added to the building and put in machinery shortly thereafter.

Sixth. Defendant has, for the purposes of his business, installed a fifteen-horse power gas engine, the necessary electrical appliance for generating and transmitting power, a cylinder press and smaller presses, a punching machine, cutter, folder, etc.

Seventh. The operation of said machinery and ap-

pliances has resulted in serious damage to plaintiff's dwelling.

Eighth. The operation of said machinery is a constant annoyance to plaintiff and her husband, depriving them of the reasonably quiet use and enjoyment of their home.

Ninth. Defendant has on numerous occasions operated his plant during part of the night, and sometimes as late as, or after, midnight.

Tenth. The cracking of the walls of plaintiff's house, and the jarring, shaking, vibration and noise of which plaintiff complains are due to and caused by the installation and operation of the gas engine, machinery and presses by defendant.

The court made a decree allowing the injunction to issue. Defendant appealed.

*Error assigned,* inter alia, was the decree of the court.

*W. K. Jennings,* with him *A. H. Mercer* and *D. C. Jennings,* for appellant.

*James Balph,* with him *S. H. Huselton* and *R. A. Balph,* for appellee.

PER CURIAM, January 8, 1917:

This appeal is dismissed and the decree affirmed, at appellant's costs, on the ten facts found by the learned chancellor below.